UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SILVIA J. THOMAS,

       Plaintiff,

v.

       Case number 05-70473
       Honorable Julian Abele Cook, Jr.

CHANCEY MILLER, ET AL.,

       Defendant.

## ORDER

This action involves a claim by the Plaintiff, Silvia J. Thomas, who complains that neither her former employer, Elmwood Cemetery ("Elmwood"), nor its former general manager, Chancey Miller, fully protected her pecuniary interests when they collectively declined to enforce the applicable provisions of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §§ 1161, 1166.[1] In this law suit, she contends that Elmwood and Miller failed to provide her with continuing COBRA health benefits after she had been discharged in January 2004 as an employee of the cemetery. On July 6, 2005, this Court heard arguments in connection with the Defendants' motions for the entry of a summary judgment and the imposition of sanctions. At the conclusion of the hearing, the Court (1) took the Defendants' motions under advisement, and (2) gave Thomas an limited period of time in which to submit legal authority that would support her claims that Elmwood and Miller had waived or were estopped from asserting the "small business

---

[1] In essence, this statute enables workers who have lost or left their jobs to continue receiving those health benefits that had been provided to them by their employer for a limited period of time.

exception" under COBRA.[2]

On July 14, 2005, Thomas filed a supplemental brief in which she initially acknowledged that no relevant case law had been discovered which would to support her waiver or estoppel arguments with respect to COBRA's "small business exception." Nevertheless, she reasserted her earlier contention: namely, that the cemetery had "knowingly waived its immunity under § 1161(b)." Pl.'s Supp. Br. at 3. Furthermore, Thomas submits that additional discovery, which would incorporate the projected deposition testimonies of Miller, Winn, and pertinent Blue Cross Blue Shield officials, will support her argument.[3]

Thomas' arguments regarding waiver are without merit. In her brief, Thomas cites *Roberts v. Mecosta County Gen'l Hospital*, 642 N.W.2d 663 (Mich. 2002), for the proposition that waiver "connotes an intentional abandonment of a known right." *Id.* at 668, fn. 4. While this assertion may be correct under a set of facts that are dissimilar from the case at bar, she has failed to demonstrate that Elmwood's award of COBRA benefits to Winn was "intentional" or represented "an abandonment of a known right." The applicable case law relating to COBRA, as well as the company handbook that was distributed to Thomas and her fellow employees, unequivocally indicates that continuing health benefits are not available to an employee of an institution such as Elmwood with fewer than twenty employees. Moreover, the doctrine of waiver does not permit a party like Thomas to obtain health care benefits to which she is not legally entitled,

---

[2]Under the small business exception, employers with less than twenty employees are exempt from adhering to the notification requirements of COBRA. 29 U.S.C. § 1161; *see Geissal v. Moore Medical Corp.*, 524 U.S. 74, 80 (1998). It is undisputed that Elmwood had, at all relevant times, less than twenty employees.

[3]Notably, Thomas focuses on this waiver argument, and does not advance any argument that Elmwood should be equitably estopped from raising the small business exception.

notwithstanding her claim of a COBRA payment to another employee.

In light of Thomas' failure to provide this Court with any legal authority upon which to support her waiver argument, this claim of an entitlement under COBRA against the Defendants must fail as a matter of law. Although the Court recognizes that discovery relating to the decisions by Miller or Elmwood to award COBRA benefits to Winn may be relevant for her claims of gender and racial discrimination,[4] this evidence is not relevant in this case. As is evident from the record in this cause, this lawsuit was brought for the narrow purpose of obtaining benefits under COBRA.

Accordingly, for the reasons that were stated at the hearing, the Court (1) grants the Defendants' motion for summary judgment and (2) denies their motion for the imposition of sanctions against Thomas.

IT IS SO ORDERED.


DATED:   September 7, 2005                          s/ Julian Abele Cook, Jr.
         Detroit, Michigan                          JULIAN ABELE COOK, JR.
                                                    United States District Judge

---

[4]The record indicates that Thomas has filed a lawsuit against the Defendants in Wayne County Circuit Court of Michigan in which she claims to have been the victim of racial and gender discrimination stemming from Elmwood's offer of continuing health care benefits to Winn, a white male employee.

Certificate of Service

I hereby certify that on September 7, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

s/ Kay Alford  
Courtroom Deputy Clerk
